{¶ 30} While agreeing with the question posed by the majority as determinative of this appeal, I disagree with the answer given. Section 203-5(F) of the Hiram Township Zoning Resolution is not a valid, substantive zoning provision. Consequently, I respectfully dissent.
 {¶ 31} As the majority recognizes, township zoning authority is limited to that granted by the General Assembly, Funtime at paragraph one of the syllabus; and, Ohio common law has long recognized that fences may be regulated as "structures" under the authority of R.C. 519.02. Zumpano at 436. However, Hiram Township's zoning resolution specifically excludes fences and walls used as fences from the definition of "structure." I believe that the Township's attempt to regulate fences under the authority of Section 203-5(F) of the resolution necessarily fails, since the Township has abdicated its only authority to do so.
 {¶ 32} The majority's reliance on the decisions in Emmons
and Lyman is misplaced. Emmons establishes that part of a statute may be found unconstitutional without affecting the remainder. Id. at paragraph three of the syllabus. This is unrelated to the issue on appeal, which is whether a township may regulate a matter which it has voluntarily excluded from the parameters of its zoning authority. Lyman merely recognizes the unremarkable proposition that a township may rely on the authority granted by the General Assembly at R.C. 519.24 in enforcing a valid, substantive zoning provision, if the particular enforcement procedures of the township's zoning resolution are infirm. Id. at 211-212. The question presented by this appeal is not ways and means of enforcement, but whether Section 203-5(F) is enforceable at all.
 {¶ 33} Since Hiram Township chose to exclude fences from the definition of "structure" in its zoning resolution, it lacks the power to regulate them. Cf. Funtime at paragraph one of the syllabus. The decision of the Portage County Court of Common Pleas should be reversed and remanded.